IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J. KELSEY HAVEMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GLOBAL CONNECTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff J. Kelsey Havemann brings this action against Global Connections, Inc., seeking redress for defendant's violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), the Illinois Interest Act, 815 ILCS 205/4, and the Illinois Consumer Fraud Act, 815 ILCS 505/2.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1640 and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue in this District is proper because defendant is located here.

## PARTIES

4. Plaintiff J. Kelsey Havemann resides in Virginia. At the time of the events at issue she resided in the Northern District of Illinois.

5. Defendant Global Connections, Inc., is a Kansas corporation with offices at 5360 College Blvd., Suite 200, Overland Park, KS 66211. It does business in Illinois and has or had an office at 200 West Jackson Blvd., Ste. 710, Chicago, IL 60606-6941.

6. Global Connections, Inc., describes itself as a "travel club developer" and "travel fulfillment provider."

1

**FACTS**

7. In March 2011, J. Kelsey Havemann attended a meeting with Global Connections, Inc., in Illinois and signed up for a service that claimed to provide discounted vacation rentals.

8. Plaintiff agreed to pay over $6,000 for the service.

9. Global Connections, Inc. documented the transaction as a revolving credit agreement.

10. Exhibit A are copies of documents which plaintiff received in connection with the original transaction.

11. Plaintiff sought to use the service but was told that no accommodations were available during the period of time plaintiff requested. (Exhibit B).

12. Defendant provides no prices or services that cannot be obtained without paying it over $6,000.

13. Defendant sent plaintiff a monthly billing statement in the form represented by Exhibit C.

14. Plaintiff received such statements within the year prior to the filing of this action.

**COUNT I – TRUTH IN LENDING ACT**

15. Plaintiff incorporates paragraphs 1-14.

16. 15 U.S.C. §1637(b) provides:

Statement required with each billing cycle. The creditor of any account under an open end consumer credit plan shall transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement setting forth each of the following items to the extent applicable:

   (1) The outstanding balance in the account at the beginning of the statement period.

   (2) The amount and date of each extension of credit during the period, and a brief identification, on or accompanying the statement of each extension of credit in a form prescribed by the Bureau sufficient to enable

the obligor either to identify the transaction or to relate it to copies of sales vouchers or similar instruments previously furnished, except that a creditor's failure to disclose such information in accordance with this paragraph shall not be deemed a failure to comply with this chapter [15 USCS §§ 1631 et seq.] or this title [15 USCS §§ 1601 et seq.] if (A) the creditor maintains procedures reasonably adapted to procure and provide such information, and (B) the creditor responds to and treats any inquiry for clarification or documentation as a billing error and an erroneously billed amount under section 161 [15 USCS § 1666]. In lieu of complying with the requirements of the previous sentence, in the case of any transaction in which the creditor and seller are the same person, as defined by the Bureau, and such person's open end credit plan has fewer than 15,000 accounts, the creditor may elect to provide only the amount and date of each extension of credit during the period and the seller's name and location where the transaction took place if (A) a brief identification of the transaction has been previously furnished, and (B) the creditor responds to and treats any inquiry for clarification or documentation as a billing error and an erroneously billed amount under section 161 [15 USCS § 1666].

   (3) The total amount credited to the account during the period.

   (4) The amount of any finance charge added to the account during the period, itemized to show the amounts, if any, due to the application of percentage rates and the amount, if any, imposed as a minimum or fixed charge.

   (5) Where one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and, unless the annual percentage rate (determined under section 107(a)(2) [15 USCS § 1606(a)(2)]) is required to be disclosed pursuant to paragraph (6), the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year.

   (6) Where the total finance charge exceeds 50 cents for a monthly or longer billing cycle, or the pro rata part of 50 cents for a billing cycle shorter than monthly, the total finance charge expressed as an annual percentage rate (determined under section 107(a)(2) [15 USCS § 1606(a)(2)]), except that if the finance charge is the sum of two or more products of a rate times a portion of the balance, the creditor may, in lieu of disclosing a single rate for the total charge, disclose each such rate expressed as an annual percentage rate, and the part of the balance to which it is applicable.

   (7) The balance on which the finance charge was computed and a statement of how the balance was determined. If the balance is determined without first deducting all credits during the period, that fact and the amount of such payments shall also be disclosed.

   (8) The outstanding balance in the account at the end of the period.

   (9) The date by which or the period (if any) within which, payment must

be made to avoid additional finance charges, except that the creditor may, at his election and without disclosure, impose no such additional finance charge if payment is received after such date or the termination of such period.

(10) The address to be used by the creditor for the purpose of receiving billing inquiries from the obligor.

(11) (A) A written statement in the following form: "Minimum Payment Warning: Making only the minimum payment will increase the amount of interest you pay and the time it takes to repay your balance.", or such similar statement as is established by the Bureau pursuant to consumer testing.

(B) Repayment information that would apply to the outstanding balance of the consumer under the credit plan, including–

(i) the number of months (rounded to the nearest month) that it would take to pay the entire amount of that balance, if the consumer pays only the required minimum monthly payments and if no further advances are made;

(ii) the total cost to the consumer, including interest and principal payments, of paying that balance in full, if the consumer pays only the required minimum monthly payments and if no further advances are made;

**(iii) the monthly payment amount that would be required for the consumer to eliminate the outstanding balance in 36 months, if no further advances are made, and the total cost to the consumer, including interest and principal payments, of paying that balance in full if the consumer pays the balance over 36 months; and**

(iv) a toll-free telephone number at which the consumer may receive information about accessing credit counseling and debt management services.

(C) (i) Subject to clause (ii), in making the disclosures under subparagraph (B), the creditor shall apply the interest rate or rates in effect on the date on which the disclosure is made until the date on which the balance would be paid in full.

(ii) If the interest rate in effect on the date on which the disclosure is made is a temporary rate that will change under a contractual provision applying an index or formula for subsequent interest rate adjustment, the creditor shall apply the interest rate in effect on the date on which the disclosure is made for as long as that interest rate will apply under that contractual provision, and then apply an

interest rate based on the index or formula in effect on the applicable billing date.

(D) All of the information described in subparagraph (B) shall–

(i) be disclosed in the form and manner which the Bureau shall prescribe, by regulation, and in a manner that avoids duplication; and

(ii) be placed in a conspicuous and prominent location on the billing statement.

(E) In the regulations prescribed under subparagraph (D), the Bureau shall require that the disclosure of such information shall be in the form of a table that–

(i) contains clear and concise headings for each item of such information; and

(ii) provides a clear and concise form stating each item of information required to be disclosed under each such heading.

(F) In prescribing the form of the table under subparagraph (E), the Bureau shall require that–

(i) all of the information in the table, and not just a reference to the table, be placed on the billing statement, as required by this paragraph; and

(ii) the items required to be included in the table shall be listed in the order in which such items are set forth in subparagraph (B).

(G) In prescribing the form of the table under subparagraph (D), the Bureau shall employ terminology which is different than the terminology which is employed in subparagraph (B), if such terminology is more easily understood and conveys substantially the same meaning.

(12) Requirements relating to late payment deadlines and penalties.

(A) Late payment deadline required to be disclosed. In the case of a credit card account under an open end consumer credit plan under which a late fee or charge may be imposed due to the failure of the obligor to make payment on or before the due date for such payment, the periodic statement required under subsection (b) with respect to the account shall include, in a conspicuous location on the billing statement, the date on which the payment is due or, if different, the date on which a late payment fee will be charged, together with the amount of the fee or charge to be imposed if payment is made after that date.

(B) Disclosure of increase in interest rates for late payments. If 1 or more late payments under an open end consumer credit plan may result in

an increase in the annual percentage rate applicable to the account, the statement required under subsection (b) with respect to the account shall include conspicuous notice of such fact, together with the applicable penalty annual percentage rate, in close proximity to the disclosure required under subparagraph (A) of the date on which payment is due under the terms of the account.

(C) Payments at local branches. If the creditor, in the case of a credit card account referred to in subparagraph (A), is a financial institution which maintains branches or offices at which payments on any such account are accepted from the obligor in person, the date on which the obligor makes a payment on the account at such branch or office shall be considered to be the date on which the payment is made for purposes of determining whether a late fee or charge may be imposed due to the failure of the obligor to make payment on or before the due date for such payment.

17. Each monthly billing statement issued by Global Connections, Inc. failed to state the amount that must be paid each month to pay off the balance in 36 months.

18. Global Connections, Inc. is therefore liable under 15 U.S.C. §1640 for statutory damages of a sum equal to "twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures."

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against defendants for:

(a) Statutory damages;

(b) Attorney's fees, litigation expenses, and costs; and

(c) Such other or further relief as is appropriate.

### COUNT II – USURY

19. Plaintiff incorporates paragraphs 1-14.

20. 815 ILCS 205/4.2 authorizes revolving credit, but limits charges to an annual percentage rate of 18%.

21. Global Connections, Inc. exceeded the 18% per annum interest authorized by § 4.2.

22. Global Connections, Inc. therefore violated the Illinois Interest Act, 815

6

ILCS 205/4, by entering into the contract with plaintiff and charging and collecting interest at more than 9% per annum.

23. Global Connections, Inc. is liable for statutory damages under 815 ILCS 205/6.

WHEREFORE, plaintiff requests an award against defendant of:

(a) Statutory damages;

(b) Attorney's fees, litigation expenses, and costs; and

(c) Such other or further relief as is appropriate.

### COUNT III – ILLINOIS CONSUMER FRAUD ACT

24. Plaintiff incorporates paragraphs 1-23.

25. Global Connections, Inc. engaged in unfair practices, in violation of 815 ILCS 505/2, by repeatedly entering into transactions that (a) provided minimal benefits to Illinois consumers, (b) involved excessive interest charges and (c) failed to comply with the Truth in Lending Act.

26. Defendant's conduct was contrary to public policy, as expressed in the Illinois Interest Act and federal Truth in Lending Act, unscrupulous and oppressive.

27. Plaintiff was damaged by defendant's practices.

WHEREFORE, plaintiff requests an award of:

(a) Actual damages;

(b) Punitive damages;

(c) Attorney's fees, litigation expenses and costs;

(d) Such other or further relief as is appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

              s/Daniel A. Edelman
              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)